# EXHIBIT A

# Court of Common Pleas of Philadelphia County
## Trial Division
# Civil Cover Sheet

*For Prothonotary Use Only (Docket Number)*

**FEBRUARY 2015**

E-Filing Number: 1502028573

**001848**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| PARVEZ YAZDANI | BMW OF NORTH AMERICA, LLC |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 1200 WINDSOR ROAD<br>MECHANICSBURG PA 17050 | 300 CHESTNUT RIDGE ROAD<br>WOODCLIFF LAKE NJ 07677-7731 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| RAZIA YAZDANI | BMW MOTORRAD USA, A DIVISION OF BMW OF NORTH AMERICA, LLC |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 1200 WINDSOR ROAD<br>MECHANICSBURG PA 17050 | 300 CHESTNUT RIDGE ROAD<br>WOODCLIFF LAKE NJ 07677-7731 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 2 | ☒ Complaint  ☐ Petition Action  ☐ Notice of Appeal<br>☐ Writ of Summons  ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS |
|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration  ☐ Mass Tort  ☐ Commerce  ☐ Settlement<br>☒ Jury  ☐ Savings Action  ☐ Minor Court Appeal  ☐ Minors<br>☐ Non-Jury  ☐ Petition  ☐ Statutory Appeals  ☐ W/D/Survival<br>☐ Other |

**CASE TYPE AND CODE**
1G - SUBROGATION ACTION

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|---|
| | **FILED**<br>**PRO PROTHY**<br>FEB 13 2015<br>D. SAVAGE | YES  NO |

**TO THE PROTHONOTARY:**
Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: PARVEZ YAZDANI , RAZIA YAZDANI
Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| PATRICK A. HUGHES | DE LUCA LEVINE, LLC<br>THREE VALLEY SQUARE<br>512 TOWNSHIP LINE ROAD STE 220<br>BLUE BELL PA 19422 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215) 383-0081 | (215) 383-0082 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 91415 | phughes@delucalevine.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| PATRICK HUGHES | Friday, February 13, 2015, 03:17 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

PARVEZ & RAZIA YAZDANI
1200 Windsor Road
Mechanicsburg, PA 17050

   Plaintiffs
 v.

BMW OF NORTH AMERICA, LLC
300 Chestnut Ridge Road
Woodcliff Lake, NJ 07677-7731

AND

BMW MOTORRAD USA, a division of
BMW OF NORTH AMERICA, LLC
300 Chestnut Ridge Road
Woodcliff Lake, NJ 07677-7731

   Defendants

TERM, 2015

NO.

## NOTICE TO DEFEND

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within (20) days after this Complaint and Notice are served, by entering a written appearance personally or by an attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed or any other claim or relief requested by the plaintiff. You may lose money or property rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCEDFEE OR NO FEE:

   Philadelphia Bar Association
   Lawyer Referral
   and Information Service
   One Reading Center
   Philadelphia, Pennsylvania 19107
   (215) 238-6333
   TTY (215) 451-6197

Case ID: 150201848

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

| | |
|---|---|
| PARVEZ & RAZIA YAZDANI<br>1200 Windsor Road<br>Mechanicsburg, PA 17050<br><br>          Nominal Plaintiffs<br>    v.<br><br>BMW OF NORTH AMERICA, LLC<br>300 Chestnut Ridge Road<br>Woodcliff Lake, NJ 07677-7731<br><br>AND<br><br>BMW MOTORRAD USA, a division of<br>BMW OF NORTH AMERICA, LLC<br>300 Chestnut Ridge Road<br>Woodcliff Lake, NJ 07677-7731<br><br>          Defendants | TERM, 2015<br><br>NO. |

Nominal Plaintiffs, Parvez and Razia Yazdani, by and through the undersigned counsel, hereby demand judgment against Defendants, and complain against them as follows:

### PARTIES

1. Nominal Plaintiffs, Parvez and Razia Yazdani (hereinafter "Plaintiffs") are adult individuals who, at all relevant times, owned and resided at 1200 Windsor Road, Mechanicsburg, Pennsylvania.

2. Defendant BMW of North America, LLC (hereinafter "BMW NA") is a Delaware corporation with its primary place of business located at 300 Chestnut Ridge Road, Woodcliff Lake, New Jersey.

Case ID: 150201848

3. BMW NA designs, manufactures, sells, distributes, leases, tests, maintains, advertises, markets and promotes BMW vehicles in the United States of America, including Philadelphia County and other parts of the Commonwealth of Pennsylvania.

4. BMW NA is the authorized seller, distributor and agent of Bayerische Motoren Werke AG for the sale, lease and distribution of BMW vehicles manufactured in Germany and sold, leased, marketed, promoted and distributed in the United States of America, such as, *inter alia*, the 2004 BMW R1150R motorcycle, VIN No. # WB10439A64ZF49253, which is the product at issue in this case.

5. BMW Motorrad USA is a division of BMW NA, and is a wholly owned and controlled division of BMW NA, with its primary place of business located at 300 Chestnut Ridge Road, Woodcliff Lake, New Jersey.

6. BMW Motorrad USA design, manufactures, sells, distributes, markets and/or assembles BMW motorcycles in the United States of America, including Philadelphia County and other parts of the Commonwealth of Pennsylvania.

7. BMW Motorrad USA designs, manufactures, sells, distributes, markets and/or assembles BMW vehicles manufactured in Germany and sold, leased, marketed, promoted and distributed in the United States of America, such as, *inter alia*, the 2004 BMW R1150R motorcycle, VIN No. # WB10439A64ZF49253 which is the product at issue in this case.

## STATEMENT OF FACTS

8. At all times material hereto, Plaintiffs' owned the real estate, improvements and personal property located at 1200 Windsor Road, Mechanicsburg, Pennsylvania ("subject property").

9. On February 25, 2013, Plaintiffs owned the 2004 BMW R1150R motorcycle, VIN No. # WB10439A64ZF49253 ("subject motorcycle").

10. On February 25, 2013, the subject motorcycle was parked in the garage of the subject property.

11. On February 25, 2013, Plaintiff Parvez Yazdani started the engine to the subject motorcycle to let it warm up.

12. Shortly thereafter, a fire originated in the engine of the subject motorcycle and quickly spread to Plaintiffs' property, causing extensive damage to their real and personal property, and caused other consequential and incidental damages including clean-up costs, repair, and other associated expenses.

## COUNT I - STRICT LIABILTY
## PLAINTIFFS v. DEFENDANTS

13. Plaintiffs repeat the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

14. Defendants design, manufacture, sell, distribute, test, advertise, market and promote BMW vehicles in the United States of America, including within Philadelphia County and other parts of the Commonwealth of Pennsylvania, and did design, manufacture, sell, distribute, test, advertise, market and promote the 2004 BMW R1150R motorcycle, VIN No. # WB10439A64ZF49253, which is the product at issue in this case.

15. The subject motorcycle, which was designed, manufactured, sold, advertised, markets and/or distributed into the stream of commerce by Defendants and was not modified, changed altered or abused by Plaintiffs or other users.

16. Defendants knew and intended that the subject motorcycle would be used by members of the general public, and knew of the specific uses, purposes and requirements for which said motorcycles would be utilized.

17. Defendants designed, tested, inspected, manufactured, marketed, advertised, promoted, sold and/or distributed into the stream of commerce the subject motorcycle, which catastrophically failed due to a defect in the design and warning of the motorcycle.

18. Defendants designed, tested, inspected, manufactured, marketed, advertised, promoted, sold and/or distributed into the stream of commerce the subject motorcycle in a defective and unreasonably dangerous condition to Plaintiffs and their property.

19. The fire and damage to Plaintiffs' property was caused by and/or resulted from the acts and/or omissions of Defendants, by and through its agents, servants, employees and/or representatives, acting within the course and scope of their employment and/or authority for which Defendants are liable to Plaintiffs based upon the theory of strict liability for the following reasons:

  a. failing to design, manufacture, inspect, assemble, distribute and/or market a properly functioning and defect-free motorcycle, which after reasonable and foreseeable use catastrophically failed;

  b. failing to properly design, manufacture, inspect, assemble, distribute and/or market the subject motorcycle with proper safety features that would shut the motorcycle's engine off if left idling for a period of time;

  c. failing to properly design, manufacture, inspect, assemble, distribute and/or market the subject motorcycle which was unreasonably dangerous because its engine – including its component parts – would overheat and cause a fire if the motorcycle was left idling for a period of time;

  d. failing to properly design, manufacture, inspect, assemble, distribute and/or market the subject motorcycle when it knew or should have known that the motorcycle was unsafe and unfit for its intended use because if left idling the motorcycle's engine – including its component parts – would overheat and cause a fire;

e.  failing to properly design, manufacture, inspect, assemble, distribute and/or market the subject motorcycle when it knew or should have known that the motorcycle would be inadequate for the reasons for which it was purchased;

f.  failing to properly provide adequate and sufficient warnings to users, such as Plaintiffs, that if the motorcycle was left idling the engine – including its component parts – would overheat and cause a fire;

g.  failing to properly design, manufacture, inspect, assemble, distribute and/or market the subject motorcycle, which Defendants knew or reasonably should have known exposed users, such as Plaintiffs to an unreasonable risk of harm and/or fire;

h.  failing to properly and adequately design, manufacture, inspect, assemble, market, sell, distribute and/or test the subject motorcycle prior to introducing it into the stream of commerce;

i.  failing to provide adequate and sufficient warnings and instructions with and/or on the subject motorcycle, which rendered it defective and unreasonably dangerous and failed to advise users, such as Plaintiffs, of the fire risks associated with leaving the motorcycle idling for a period of time;

j.  the subject motorcycle is an unreasonably dangerous product one that is dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community of its characteristics; and

k.  the subject motorcycle is an unreasonably dangerous because the probability of injury times the gravity of injury under the current product design is more than the cost of an alternative reasonable design plus the diminished utility resulting from modifying the design.

20.  The subject motorcycle contained the above defects when it left Defendants' possession and control.

21.  Defendants had a duty to warn users who might reasonably use and store their vehicles, including motorcycles, in their garages of the above described defective and unreasonably dangerous conditions.

Case ID: 150201848

22. The subject motorcycle was expected to, and did reach the owner of the vehicle alleged herein without substantial change in its condition.

23. The subject motorcycle was not materially altered in anyway that affected the defective and unreasonably dangerous conditions caused and created by Defendants.

24. The subject motorcycle was used for its intended purpose and/or for a purpose that was reasonably foreseeable by Defendants.

25. For these reasons, Defendants are strictly liable to Plaintiffs under Section 402A of the Restatement (2d) of Tort and the applicable caselaw of the Commonwealth of Pennsylvania.

26. As a direct and proximate result of the aforementioned defects, Plaintiffs sustained and incurred damage to their real and personal property as well as other consequential and incidental damages including clean-up costs, repair, and other associated expenses in an amount in excess of $150,000.00.

**WHEREFORE**, Plaintiffs respectfully request judgment against Defendants in an amount in excess of $150,000.00, plus interest, delay damages, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

### COUNT II - NEGLIGENCE
### PLAINTIFFS v. DEFENDANTS

27. Plaintiffs repeat the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

28. Defendants have a duty to design, manufacture, distribute vehicles, including the subject motorcycle in a safe condition and free of defects.

29. Defendants owed a duty to Plaintiffs to properly warn about of unsafe, hazardous and dangerous conditions associated with the subject motorcycle.

30. The aforementioned damages were the direct and proximate result of the negligence and carelessness conduct and/or acts or omissions of Defendants, by and through their employees, agents, technicians, vendors, subcontractors, and/or servants, more specifically failing to exercise reasonable care described as follows:

   a. failing to design, manufacture, inspect, assemble, distribute and/or market a properly functioning and defect-free motorcycle, which after reasonable and foreseeable use catastrophically failed;

   b. failing to properly design, manufacture, inspect, assemble, distribute and/or market the subject motorcycle with proper safety features that would shut the motorcycle's engine off if left idling for a period of time;

   c. failing to properly design, manufacture, inspect, assemble, distribute and/or market the subject motorcycle which was unreasonably dangerous because its engine – including its component parts – would overheat and cause a fire if the motorcycle was left idling for a period of time;

   d. failing to properly design, manufacture, inspect, assemble, distribute and/or market the subject motorcycle when it knew or should have known that the motorcycle was unsafe and unfit for its intended use because if left idling the motorcycle's engine – including its component parts – would overheat and cause a fire;

   e. failing to properly design, manufacture, inspect, assemble, distribute and/or market the subject motorcycle when it knew or should have known that the motorcycle would be inadequate for the reasons for which it was purchased;

   f. failing to properly provide adequate and sufficient warnings to users, such as Plaintiffs, that if the motorcycle was left idling the engine – including its component parts – would overheat and cause a fire;

   g. failing to properly design, manufacture, inspect, assemble, distribute and/or market the subject motorcycle, which Defendants knew or reasonably should have known exposed users, such as Plaintiffs to an unreasonable risk of harm and/or fire;

   h. failing to properly and adequately design, manufacture, inspect, assemble, market, sell, distribute and/or test the subject motorcycle prior to introducing it into the stream of commerce;

    i.    failing to provide adequate and sufficient warnings and instructions with and/or on the subject motorcycle, which rendered it defective and unreasonably dangerous and failed to advise users, such as Plaintiffs, of the fire risks associated with leaving the motorcycle idling for a period of time;

    j.    the subject motorcycle is an unreasonably dangerous product one that is dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community of its characteristics; and

    k.    the subject motorcycle is an unreasonably dangerous because the probability of injury times the gravity of injury under the current product design is more than the cost of an alternative reasonable design plus the diminished utility resulting from modifying the design.

31. It was foreseeable by Defendants that if Defendants designed, manufactured, sold and distributed vehicles, including the subject motorcycle, in a defective and unreasonably dangerous condition as described above and/or if Defendants failed to warn of such defects and/or unreasonably dangerous conditions, purchasers such as Plaintiffs could incur damage to their real and personal property.

32. Plaintiff and/or other users of the subject motorcycle used it for its intended purpose and/or reasonably foreseeable purpose.

33. Defendants breached the above duties by designing, manufacturing and/or distributing, the subject motorcycle with the above-described defects and unreasonably dangerous conditions and/or by failing to adopt a safer, practical, feasible or otherwise reasonable alternative design or formulation for the engine – including its component parts – that that could have been reasonably adopted that would have prevented or substantially reduced the risk of harm without substantially impairing the usefulness, practicality or desirability of the subject motorcycle.

Case ID: 150201848

34. As a direct and proximate result of Defendants' aforementioned actions, and/or omissions, Defendants acted negligently or carelessly, and is therefore liable to Plaintiffs for the damages they suffered.

35. As a direct and proximate result of the aforementioned negligence and careless conduct of Defendants, Plaintiffs sustained and incurred damage to their real and personal property, and caused other consequential and incidental damages including clean-up costs, repair, and other associated expenses in an amount in excess of $150,000.00.

**WHEREFORE**, Plaintiffs respectfully request judgment against Defendants in an amount in excess of $150,000.00, plus interest, delay damages, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

de LUCA LEVINE, LLC

BY: *Patrick A. Hughes*
RAYMOND E. MACK, ESQUIRE
I.D. No.: 91815
rmack@delucalevine.com
PATRICK A. HUGHES, ESQUIRE
I.D. No. 91415
phughes@delucalevine.com
Three Valley Square
512 East Township Line Rd, Ste. 220
Blue Bell, PA 19422
215-383-0227 (Direct)
215-383-0082 (Fax)
Attorneys for Plaintiffs

## VERIFICATION

I, Robin Anderson, hereby state that I am a duly authorized representative of Allstate Insurance Company, the real party in interest, and that I do hereby verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements therein are made subject to penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

_____
An Authorized Representative of Allstate
Insurance Company

Dated: February 1, 2015