# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **PARVEZ & RAZIA YAZDANI**<br>**Plaintiffs**<br><br>v.<br><br>**BMW OF NORTH AMERICA, LLC**<br>**And BMW MOTORRAD USA, a division of**<br>**BMW OF NORTH AMERICA, LLC**<br><br>**Defendants** | **CVIL ACTION NO.**<br>**2:15-CV-01427-PD** |

**PLAINTIFFS' ANSWERS AND OBJECTIONS TO DEFENDANT,
BMW OF NORTH AMERICA, LLC'S INTERROGATORIES**

Plaintiffs, Parvez Yazdani and Razia Yazdani, by and through their undersigned counsel, DE LUCA LEVINE LLC, hereby object and answer Defendant, BMW of North America, LLC's Interrogatories as follows:

**PRELIMINARY STATEMENT**

Plaintiffs make their answers to these Interrogatories without waiving:

1.     Any objection as to competency, relevancy, materiality and admissibility in evidence, for any purpose, in this or any subsequent proceeding with respect to any of these answers or the subject matter thereof;

2.     The right to object to the use of these answers, or the subject matter thereof, in any subsequent proceeding or at the trial of this action, on any ground; and

3.     The right to object on any ground, at any time, to a demand for further response to these or other Interrogatories, Request for Production of Documents or any other discovery procedures involving or relating to the subject matter of these Interrogatories.

## INTERROGATORIES

1.   Describe in specific detail the manner in which you contend the incident occurred (including without limitation in your description how and when the motorcycle was started, and for how long the engine was left idling, and identify any person or documents on which you rely to support your answer).

**ANSWER:**   Objection. Plaintiffs object to the Interrogatory on the grounds that it is overly broad, vague, ambiguous and unduly burdensome. Plaintiffs further object to the Interrogatory because it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine and other rules and privileges provided by law. Finally, Plaintiffs object to this Interrogatory to the extent that it seeks disclosure of opinions, mental impressions, conclusions or legal theories of Plaintiff, and/or its counsel and other representatives. Without waiver of the stated objection and upon information and belief, on February 25, 2012, Mr. Yazdani started the subject motorcycle to warm it up. He left the motorcycle running to take a phone call. Approximately 30 minutes later he heard smoke alarms. To the extent this Interrogatory seeks additional information, see Plaintiffs' Complaint.

2.   Describe the chain of custody of the product from the date of the incident up to the present time (name, address, and telephone number of each person, the dates of each person's custody of the items, and the locations at which each person maintained custody of the items).

**ANSWER:**   The evidence was removed from the fire scene and stored at CoPart, 795 Sipe Road, York Haven, PA until April 3, 2013, at which time it was transferred to T. Masters Collision Experts, Inc., 847B South White Horse Pike, Hammonton, NJ 08037. On January 13, 2014, the evidence was transferred to Insurance Evidence Services, 548 Silk Street, Jim Thorpe, PA, where it remains today.

3.   Identify the ownership history of the product from the present to the day it was first purchased from a dealership, including the inclusive dates of ownership by each owner, and all documents related thereto.

**ANSWER:**   Mr. Yazdani purchased the subject motorcycle in or around April 2011 from a private seller in Boston, Massachusetts in response to a Craigslist advertisement. Nominal Plaintiffs do not recall the name of the prior owner. Nominal Plaintiffs no longer have documents pertaining to the purchase of the subject motorcycle as a result of the fire. Investigation and discovery are continuing and Plaintiffs will supplement this Interrogatory, if and when, additional information becomes available.

4.    Identify and produce all documents in your possession relating to the history of the product involved in the incident including, but not limited to, service and maintenance records, both before and after the accident in question.

**ANSWER:**    **Velocity City, 6653 Carlisle Pike, Mechanicsburg, PA performed a tune-up of the subject motorcycle after it was purchased in 2011 and annual inspections. Upon information and belief, Bob's BMW, 10720 Guilford Road, Jessup, Maryland also serviced the vehicle. The subject motorcycle seemed sluggish and Bob's BMW may have replaced an ignition coil. The nominal plaintiffs have conducted a reasonable search and could not locate any service or maintenance records for the subject motorcycle. Investigation and discovery are continuing and Plaintiffs will supplement this Interrogatory, if and when, additional information becomes available.**

5.    Identify any problems with the product or any component thereof prior to the accident, including a description of each problem and the circumstances under which it would occur; what was done to address each problem and by whom; when each problem occurred; whether each problem has been corrected; and identify and produce a copy of each document related thereto.

**ANSWER:**    **See response to number 4.**

6.    Identify each person who conducted an inspection of the scene of the fire alleged in the Complaint, state the dates on which all such inspections of the scene were conducted and state whether each person identified herein took any photographs or video or made a written report of his or her findings.

**ANSWER:**    **Objection. This Interrogatory is beyond the scope of the Federal Rules of Civil Procedure. Without waiver the stated objection, Plaintiffs' fire investigator conducted an initial scene inspection and took photographs on March 11, 2013.**

7.    Identify all individuals or organizations who inspected, examined or tested the product in question either before or after the incident out of which this action arises, setting forth the results of each such inspection and identifying notes and photographs or videos made or taken.

**ANSWER:**    **Objection. The Interrogatory is beyond the scope of discovery as provided by the Rules of Civil Procedure. Plaintiffs further object to the Interrogatory because it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine and other rules and privileges provided by law. Finally, Plaintiffs object to this Interrogatory to the extent that it seeks disclosure of opinions, mental impressions, conclusions or legal theories of Plaintiffs, and/or their counsel and other representatives. Without waiver of the stated objection, and with respect to inspections, examination and/or testing performed on**

the subject motorcycle between 2007 and February, 25 2013 (i.e., prior to the incident), see response to number 4.

8.   Identify any person who was a witness to or has knowledge of the facts, circumstances, or events surrounding the fire or regarding any damages sought by you, or who was present at the scene of the fire within 48 hours after it occurred, or to whom you have communicated concerning the fire, or who otherwise has knowledge relevant to the issues in this case, and identify any documents on which you rely to support your answer.

ANSWER:   Objection. Plaintiffs object to the Interrogatory on the grounds that it is overly broad, vague, ambiguous and unduly burdensome. Plaintiffs further object to the Interrogatory because it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine and other rules and privileges provided by law. Finally, Plaintiffs object to this Interrogatory to the extent that it seeks disclosure of opinions, mental impressions, conclusions or legal theories of Plaintiffs, and/or their counsel and other representatives. Without waiver of the stated objections, the following people have knowledge regarding the incident and damages sought by Plaintiffs:

Parvez Yazdani, 1200 Windsor Road, Mechanicsburg, Pennsylvania. Mr. Yazdani has information regarding the fire loss and amounts claimed as damages.

Razia Yazdani, 1200 Windsor Road, Mechanicsburg, Pennsylvania. Mrs. Yazdani has information regarding the fire loss and amounts claimed as damages.

Ryan Cale - Claim representative for Allstate Insurance Company with information concerning the recoverable loss amounts due to the above-named Allstate Insurance Company insureds, Parvez and Razia Yazdani, for the subject occurrence. Mr. Cale is expected to have knowledge consistent with the contents of the motor vehicle claim files for the Yazdanis, copies of which are produced herewith.

Larry Miller - Claim representative for Allstate Insurance Company with information concerning the recoverable loss amounts due to the above-named Allstate Insurance Company insureds, Parvez and Razia Yazdani, for the subject occurrence. Mr. Miller is expected to have knowledge consistent with the contents of the dwelling coverage claim files for the Yazdanis, copies of which are produced herewith.

Yvette Sienkiewicz - Claim representative for Allstate Insurance Company with information concerning the recoverable loss amounts due to the above-named Allstate Insurance Company insureds, Parvez and Razia Yazdani, for the subject occurrence. Ms. Sienkiewicz is expected to have knowledge consistent with the contents of the contents coverage claim files for the Yazdanis, copies of which are produced herewith.

Cheryl Carr - Claim representative for Allstate Insurance Company with information concerning the recoverable loss amounts due to the above-named Allstate Insurance Company insureds, Parvez and Razia Yazdani, for the subject occurrence. Ms. Carr

is expected to have knowledge consistent with the contents of the additional living expenses claim files for the Yazdanis, copies of which are produced herewith.

Lt. Richard D. Flinn, III, Hampden Township Fire Department. Lt. Flinn will have information regarding his investigation into the fire and his fire report.

Representative(s) of Hampden Township Volunteer Fire Company, who will have information regarding the investigation into the subject fire.

Representative(s) of RestoreCore, Inc. Representatives of RestoreCore will have information regarding the estimates and services performed by RestoreCore at the subject property as a result of the fire.

Representative(s) of Mellon Certified Restoration. Representatives of Mellon Restoration will have information regarding the estimates and services performed by Mellon Restoration at the subject property as a result of the fire.

Representative(s) of Pale, Inc. d/b/a CRDN of South Central. Representatives of Pale, Inc. d/b/a CRDN of South Central have information concerning work performed at the Yazdanis' property as a result of the fire.

Representative(s) of BMW North America, LLC. Representatives of BMW North America have information regarding the subject 2004 BMW R1150R motorcycle, VIN No. # WB10439A64ZF49253 and any investigation on behalf of BMW.

Representative(s) of BMW Motorrad USA. Representatives of BMW Motorrad USA have information regarding the subject 2004 BMW R1150R motorcycle, VIN No. # WB10439A64ZF49253 and any investigation on behalf of BMW.

9.   State whether Plaintiffs claim that the product, or any part or component thereof, was defective in its design, and if so, identify each part, component or design feature which was defective, describe the defect in detail, and describe the causal relationship between the alleged defect and the alleged damages.

ANSWER:   Objection. Plaintiffs object to the Interrogatory on the grounds that it is overly broad, vague, ambiguous and unduly burdensome. Plaintiffs further object to the Interrogatory because it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine and other rules and privileges provided by law. Finally, Plaintiffs object to this Interrogatory to the extent that it seeks disclosure of opinions, mental impressions, conclusions or legal theories of Plaintiffs, and/or their counsel and other representatives. Without waiver of the stated objection, yes. Information responsive to this Interrogatory will be provided by way of expert report pursuant to the Rules of Civil Procedure. Investigation and discovery are continuing and Plaintiffs will supplement this Interrogatory, if and when, additional information becomes available.

10.     Identify any alternate design you contend should have been utilized on the product in question, including specifications and drawings and the identity of any product which utilizes such design(s).

**ANSWER:     Objection. Plaintiffs object to the Interrogatory on the grounds that it is overly broad, vague, ambiguous and unduly burdensome. Plaintiffs further object to the Interrogatory because it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine and other rules and privileges provided by law. Finally, Plaintiffs object to this Interrogatory to the extent that it seeks disclosure of opinions, mental impressions, conclusions or legal theories of Plaintiffs, and/or their counsel and other representatives. Without waiver of the stated objections, information will be provided by way of expert report pursuant to the Rules of Civil Procedure.  Investigation and discovery are continuing and Plaintiffs will supplement this Interrogatory, if and when, additional information becomes available.**

11.     State whether Plaintiffs claim that the product, or any part or component thereof, was defective in its manufacture and/or assembly, and if so, identify each part or component which was defectively manufactured or assembled, describe the defect in detail, and describe the causal relationship between the alleged defect and the alleged damages.

**ANSWER:     Objection. Plaintiffs object to the Interrogatory on the grounds that it is overly broad, vague, ambiguous and unduly burdensome. Plaintiffs further object to the Interrogatory because it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine and other rules and privileges provided by law. Finally, Plaintiffs object to this Interrogatory to the extent that it seeks disclosure of opinions, mental impressions, conclusions or legal theories of Plaintiffs, and/or their counsel and other representatives. Without waiver of the stated objections, information will be provided by way of expert report pursuant to the Rules of Civil Procedure.  Investigation and discovery are continuing and Plaintiffs will supplement this Interrogatory, if and when, additional information becomes available.**

12.     Identify any warning or instruction you contend was inadequate; how that warning or instruction caused the accident in question; the specific text, appearance and location of any additional warning or instruction you contend should have been given; how any additional warning or instruction would have prevented the accident in question; all persons with knowledge concerning the inadequacy of warning or instruction; and all documents related thereto.

**ANSWER:     Objection. Plaintiffs object to the Interrogatory on the grounds that it is overly broad, vague, ambiguous and unduly burdensome. Plaintiffs further object to the Interrogatory because it seeks information that is protected by the attorney-**

client privilege, the attorney work-product doctrine and other rules and privileges provided by law. Finally, Plaintiffs object to this Interrogatory to the extent that it seeks disclosure of opinions, mental impressions, conclusions or legal theories of Plaintiffs, and/or their counsel and other representatives. Without waiver of the stated objections, information will be provided by way of expert report pursuant to the Rules of Civil Procedure. Investigation and discovery are continuing and Plaintiffs will supplement this Interrogatory, if and when, additional information becomes available.

13.    State whether Plaintiffs claim that the motorcycle in question failed to comply with, or that the product was in any way in violation of, any statute, ordinance, rule or regulation and if so, specifically identify the statute, ordinance, rule or regulation and describe the manner in which it was violated.

**ANSWER:**    **Objection. Plaintiffs object to the Interrogatory on the grounds that it is overly broad, vague, ambiguous and unduly burdensome. Plaintiffs further object to the Interrogatory because it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine and other rules and privileges provided by law. Finally, Plaintiffs object to this Interrogatory to the extent that it seeks disclosure of opinions, mental impressions, conclusions or legal theories of Plaintiffs, and/or their counsel and other representatives. Without waiver of the stated objections, information will be provided by way of expert report pursuant to the Rules of Civil Procedure. Investigation and discovery are continuing and Plaintiffs will supplement this Interrogatory, if and when, additional information becomes available.**

14.    Describe in complete detail any act of omission or commission by which you content BMW NA was negligent and which you contend caused or contributed to the fire, including without limitation in your response the date, time, and place of each act of omission or commission and identify any documents on which you rely to support your answer.

**ANSWER:**    **Objection. Plaintiffs object to the Interrogatory on the grounds that it is overly broad, vague, ambiguous and unduly burdensome. Plaintiffs further object to the Interrogatory because it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine and other rules and privileges provided by law. Finally, Plaintiffs object to this Interrogatory to the extent that it seeks disclosure of opinions, mental impressions, conclusions or legal theories of Plaintiffs, and/or their counsel and other representatives. Without waiver of the stated objections, information will be provided by way of expert report pursuant to the Rules of Civil Procedure. Investigation and discovery are continuing and Plaintiffs will supplement this Interrogatory, if and when, additional information becomes available.**

15.    Are you or any of your representatives or experts aware of any information concerning or will you contend that any other accidents, occurrences, events, injuries or losses resulted from any design or manufacturing feature of a BMW NA product which you contend is similar to the product in this lawsuit with regard to the product features which you allege caused the incident and/or losses here involved.  If so, identify each such accident, occurrence or event by date; the name and address of each person involved in each such accident or with information concerning its occurrence; year and Vehicle Identification Number of each such product; the full service and maintenance history of the product; the specific facts and circumstances regarding each such event; the identity of any investigating police department or other agency; and the basis for your contention of similarity.

**ANSWER:    Objection. Plaintiffs object to the Interrogatory on the grounds that it is overly broad, vague, ambiguous and unduly burdensome. Plaintiffs further object to the Interrogatory because it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine and other rules and privileges provided by law. Finally, Plaintiffs object to this Interrogatory to the extent that it seeks disclosure of opinions, mental impressions, conclusions or legal theories of Plaintiffs, and/or their counsel and other representatives. Without waiver of the stated objections, information will be provided by way of expert report pursuant to the Rules of Civil Procedure.   Investigation and discovery are continuing and Plaintiffs will supplement this Interrogatory, if and when, additional information becomes available.**

16.    Identify all witnesses you expect to call at the trial of this matter who will testify regarding any other accidents, occurrences or events here resulted from any design or manufacturing feature of a BMW NA product which you contend is similar to the product in this lawsuit with regard to the product which you allege caused the accident and/or injuries here involved.  If so, identify each such witness and the substance of the testimony expected.

**ANSWER:    Plaintiffs have not yet identified who they will call as witnesses at the trial of the matter. Plaintiffs will identify their trial witnesses in accordance with the Rules of Court and any pretrial orders.  In addition, see Plaintiffs' response to number 8.**

17.   Identify all damages you contend you suffered as a result of the incident in question, including all documents in support and all people with knowledge.

**ANSWER:** *See* **Plaintiffs' Initial Disclosures and documents produced therewith. In addition,** *see* **the documents produced herewith and Bates numbered Yazdani000658 through Yazdani000895.**

18.   Provide the fair market value of the real property at issue on the date of the incident, as well as the manner of calculating that valuation.

**ANSWER:** **Plaintiff will supplement this response, if and when additional information becomes available or through expert report.**

19.   Identify any expert witness you expect to call at the trial of this matter and with respect to each such expert include the information required by F.R.C.P. 26(a)(2)(B).

**ANSWER:** **Plaintiffs have not yet identified who they will call as expert witnesses at the trial of the matter. Plaintiffs will provide their expert disclosures in accordance with the applicable Scheduling Order.**

**de LUCA LEVINE, LLC**

BY:   *Patrick A. Hughes*

RAYMOND E. MACK, ESQ.
PA I.D. No.: 91815
E-Mail: rmack@delucalevine.com
PATRICK A. HUGHES, ESQ.
PA I.D. No. 91415
E-Mail: phughes@delucalevine.com
512 Township Line Road, Suite 220
Blue Bell, PA 19422
(215) 383-0081 (ph)
(215) 383-0082 (fax)
ATTORNEY FOR PLAINTIFFS,
PARVEZ AND RAZIA YAZDANI

Dated: July 15, 2015

## CERTIFICATE OF SERVICE

I, Patrick A. Hughes, Esquire, hereby certify that a copy of Plaintiffs' Answers to Defendant, BMW of North America, LLC's Interrogatories were duly served this date upon counsel of record, via Email:

Keith D. Heinold, Esquire
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA  19103
*Attorney for Defendant*
*BMW of North America, LLC*

### de LUCA LEVINE, LLC

BY: *Patrick A. Hughes*
 _____
RAYMOND E. MACK, ESQ.
PA I.D. No.: 91815
E-Mail: rmack@delucalevine.com
PATRICK A. HUGHES, ESQ.
PA I.D. No. 91415
E-Mail: phughes@delucalevine.com
512 Township Line Road, Suite 220
Blue Bell, PA 19422
(215) 383-0081 (ph)
(215) 383-0082 (fax)
ATTORNEY FOR PLAINTIFFS,
PARVEZ AND RAZIA YAZDANI

Dated: July 15, 2015