IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PARVEZ & RAZIA YAZDANI | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 2:15-cv-01427-PD** |
| | : | |
| BMW OF NORTH AMERICA, LLC | : | |
| and | : | |
| BMW MOTORRAD USA, a Division of | : | |
| BMW OF NORTH AMERICA, LLC | : | |

**O R D E R**

AND NOW, this          day of                    , 2016, upon consideration of the Motion in Limine of Defendant BMW of North America, LLC to Preclude Certain Testimony of Plaintiffs' Expert William Vigilante, Jr., including any response thereto, it is hereby **ORDERED** that said Motion is **GRANTED**.

Plaintiffs shall be precluded from presenting William Vigilante, Jr. as a witness to offer testimony on the following topics:

(a)   Motorcycle design;

(b)   Criticisms of the design of the BMW R1150R motorcycle at issue, including its air-cooled engine and its use of an oil sight glass;

(c)   Proposed alternative designs of the BMW R1150R motorcycle at issue.

**BY THE COURT:**

_____
TIMOTHY R. RICE
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PARVEZ & RAZIA YAZDANI | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 2:15-cv-01427-PD |
| | : | |
| BMW OF NORTH AMERICA, LLC | : | |
| and | : | |
| BMW MOTORRAD USA, a Division of | : | |
| BMW OF NORTH AMERICA, LLC | : | |

**MOTION *IN LIMINE*
OF DEFENDANT BMW OF NORTH AMERICA, LLC
TO PRECLUDE CERTAIN TESTIMONY
OF PLAINTIFFS' EXPERT WILLIAM VIGILANTE, JR.**

Defendant BMW of North America, LLC ("BMW NA"), by and through its attorneys, Marshall Dennehey Warner Coleman & Goggin, hereby moves to preclude certain testimony of Plaintiffs' expert William Vigilante.

Plaintiffs have retained Vigilante to offer opinions on the warnings that accompanied the BMW R1150R motorcycle at issue in this case. As part of his report, and during his deposition testimony, Vigilante also offered criticisms of the design of the motorcycle, as well as suggestions for proposed alternative designs. BMW NA has filed a separate Daubert Motion to preclude Vigilante's testimony in its entirety. To the extent that Vigilante is permitted to testify, he should be precluded from offering testimony regarding motorcycle design, because he is unqualified to offer opinions in that field.

For these reasons, and for the reasons set forth in the accompanying Memorandum of Law, which is incorporated herein by reference, BMW NA respectfully requests that Plaintiffs be precluded from calling William Vigilante as an expert witness to testify regarding issues of motorcycle design.

WHEREFORE, Defendant BMW of North America, LLC respectfully requests that this Honorable Court grant the instant Motion, in accordance with the proposed Order attached hereto.

Respectfully submitted,

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: /s/ Keith D. Heinold
      KEITH D. HEINOLD
      Attorney for Defendant
      BMW of North America, LLC

      2000 Market Street, Suite 2300
      Philadelphia, PA 19103
      215-575-2640 (P)
      215-575-0856 (F)
      kdheinold@mdwcg.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PARVEZ & RAZIA YAZDANI | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 2:15-cv-01427-PD |
| | : | |
| BMW OF NORTH AMERICA, LLC | : | |
|     and | : | |
| BMW MOTORRAD USA, a Division of | : | |
| BMW OF NORTH AMERICA, LLC | : | |

**MEMORANDUM OF LAW IN SUPPORT OF THE
MOTION *IN LIMINE*
OF DEFENDANT BMW OF NORTH AMERICA, LLC
TO PRECLUDE CERTAIN TESTIMONY
OF PLAINTIFFS' EXPERT WILLIAM VIGILANTE, JR.**

Defendant BMW of North America, LLC ("BMW NA"), by and through its attorneys, Marshall Dennehey Warner Coleman & Goggin, hereby moves to preclude certain testimony of Plaintiffs' expert William Vigilante, Jr. BMW NA has filed a separate Daubert Motion to preclude Vigilante's testimony in its entirety. To the extent that Vigilante is permitted to testify, BMW NA submits that he should be precluded from testifying on issues of motorcycle design, as those issues are outside his field of expertise.

**I.      STATEMENT OF FACTS**

In this case, Plaintiff Parvez Yazdani owned a 2004 BMW R1150R motorcycle. The Rider's Manual that accompanied Mr. Yazdani's motorcycle contained a clear warning that instructed users not to idle the motorcycle at a standstill, or a fire could start. Mr. Yazdani ignored this warning, and did precisely what he was instructed not to do. He left his motorcycle running in his garage for thirty minutes or more; a fire was the result.

The R1150R motorcycle includes an air-cooled engine, which means that its temperature is regulated by the flow of air while the motorcycle is in motion. Thus, if the motorcycle is left

to idle at a standstill for an excessive length of time, there is a risk that it may overheat and ultimately cause a fire.  BMW NA recognizes this risk, and expressly warns against it.

Faced with this clear warning, Plaintiffs have retained a human factors expert, William Vigilante, to attempt to relieve users of the responsibility of reading the manual.  In the course of reaching his conclusions, Vigilante criticized the design of the motorcycle, challenging its lack of "any device… to prevent the engine or exhaust from overheating."  See Report of William Vigilante, Jr., attached hereto as Exhibit "A," at 5.  For example, relying on the opinions of Michael Zazula, Vigilante suggested an optional "police fan kit" as a potential alternative design.[1]  See id.  At his deposition, Vigilante expressed his intent to offer criticisms of both the motorcycle's warnings and its design.  See Deposition Transcript of William Vigilante, Jr., attached hereto as Exhibit "B," at 78:12-79:2.  Asked whether he was an expert on motorcycle design, Vigilante answered, "It depends on the issue."  Id. at 23:18-24:16.  He then claimed, "If I'm asked the question [regarding design], I'll be happy to answer."  Id. at 25:17-21.

When pressed further, Vigilante explained that he did not intend to propose his own alternative designs of the motorcycle.  Id. at 90:4-8; 97:2-99:2.  Rather, he intended to accept the design conclusions of others, and opine that designs that were found to eliminate the risk of fire should have been implemented.  Id.  Vigilante similarly explained that he intended to rely on others to determine what design defects existed in the motorcycle, if any.  See id. at 119:8-120:1.

Given the ambiguity in Vigilante's testimony, BMW NA now seeks an Order precluding him from offering opinions in the field of motorcycle design.

---

[1] Mr. Zazula's opinions are the subject of a separate Motion in Limine inasmuch as he, too, is unqualified to offer opinions regarding motorcycle design.  Zazula has also challenged the use of an air-cooled engine or an oil sight glass, and proposed the use of a liquid-cooled engine or a dipstick instead.

2

## II. LEGAL ARGUMENT

To qualify as an expert, a witness must have "specialized knowledge" which will "assist the trier of fact" to understand or determine a fact in issue, before he is permitted to testify. Elcock v. Kmart Corp., 233 F.3d 734, 741 & n.2 (3d Cir. 2000)(citing Fed. R. Evid. 702); Kerrigan v. Maxon Industries, 223 F. Supp. 2d 626 (E.D. Pa. 2002). Although the standard governing qualifications is generally liberal, the courts have nonetheless "set a floor with respect to an expert's qualifications." Elcock, 233 F.3d at 742; Aloe Coal Co. v. Clark Equipment Co., 816 F.2d 110, 114-15 (3d Cir. 1987). At a minimum, a proffered expert must possess skill or knowledge greater than the average layman with regard to the scientific matter at issue. Elcock, supra; Kerrigan, supra; Fed. R. Evid. 702. A basic or generalized understanding is not enough to qualify an expert under Rule 702. See Kerrigan, 223 F. Supp. 2d at 635-36. Additionally, the court must look at an expert's qualifications for each opinion. See id.

The District Court's decision in Kerrigan is particularly instructive. In that case, the plaintiff was injured while driving a cement truck: the vehicle's cement pouring device, or agitator, had unexpectedly begun to rise, striking an overpass and causing an accident. Kerrigan, 233 F. Supp. 2d at 630. The plaintiff retained an expert to opine that the cement mixer was defective, and to propose two safety devices that would have purportedly prevented the accident. Id. at 630-31. The District Court concluded that the plaintiff's expert was unqualified to offer opinions about the proposed safety features. Although the expert had experience in truck maintenance and repair, the Court found that that background was insufficient. Id. at 635-36. Without any background, experience or training in the design of hydraulic systems such as the one on the cement mixer, the District Court found that he was unqualified to comment on how the proposed safety feature would be integrated into the system, or how it would work to prevent

3

the rising of the agitator.  Id.  Although the expert could speak generally about the function of the cement mixer, the Court precluded him from offering an opinion about the safety features plaintiff proposed should be added to the mixer.  Id. at 640.  Recognizing that the expert did have a background in accident reconstruction, the court permitted him to testify regarding the cause of the accident.  Id.; see also Hernandez v. Crown Equipment Corp., 92 F. Supp. 3d 1325, 1350 (M.D. Ga. 2015)(limiting testimony of plaintiff's human factors expert to human factors issues, and precluding him from offering testimony regarding alleged design defects).

      Likewise in this case, Vigilante's testimony should be confined to his field of expertise.  Vigilante is not an expert in the field of motorcycle design.  Rather, he is a human factors and ergonomics expert.  See Curriculum Vitae of William Vigilante, attached hereto as Exhibit "C."  In his CV, Vigilante holds himself out as an expert in safety and hazard analysis and risk perception.  See id. at 1.  He does profess expertise in certain areas of design: consistent with his background in human perception, Vigilante has designed warnings and instructional materials, as well as product displays and interfaces.  See id.  He does not hold himself out as an expert in the mechanical design of motorcycles (or, indeed, any product).  Rather, with regard to motorcycles, Vigilante lists his expertise as involving "rider actions and visibility."  Id.; see also Exhibit "B" at 23:18-24:10 (Vigilante considers himself an expert on "rider behavior").

      Vigilante's education and experience further support this conclusion.  His education is in psychology and ergonomics, not engineering.  See Exhibit "C" at 4.  Vigilante's work experience is likewise centered on warnings, labels, and issues of human perception, rather than engineering or mechanical fields.  See id. at 2-3.

      Vigilante himself admits he lacks the necessary expertise to offer design opinions.  After some sparring at his deposition, Vigilante admitted that there were limitations to his field of

4

specialty.  Although he professed to be an expert in the design of product controls and displays, Vigilante admitted that he lacked expertise in the design of the oil system at issue in this case:

> Q: So, do you consider yourself an expert in the design of the oil system in an air-cooled motorcycle?
>
> A: Yeah, I would not consider myself an expert in the design.  I never designed an air-cooled engine or the oil system for an air cooled engine.

See Exhibit "B," at 26:21-27:3.

Without proper background or experience, Vigilante should not be permitted to offer opinions on the design of the R1150R motorcycle.  While Vigilante may be qualified to discuss issues related to warnings and labels, by his own admission his expertise does not extend to mechanical issues of design, and in particular to the oil system at issue in this case.  Like the expert in Kerrigan, Vigilante should be precluded from offering opinions regarding the design of the motorcycle, including proposed alternative designs.

Based on his deposition testimony, it is clear that Vigilante is not qualified to offer design opinions.  It is also clear that Vigilante intends to rely on Michael Zazula to offer design criticisms and alternatives, and then rubber stamp them from a human factors perspective.  And yet Vigilante seemed willing to comment on these issues at his deposition, despite his lack of expertise in that field.  To the extent he attempts to offer such commentary at trial, he should be precluded from doing so. More specifically, Vigilante's testimony should be confined to the warnings aspects of the case, consistent with his background and experience.  He should not be permitted to offer testimony regarding alleged design defects, aspects of the design he believes are unreasonably dangerous, or alternative designs that he believes should have been utilized.

### III.    CONCLUSION

Given the content of his report, and his testimony that he intends to rely on the design opinions of others, it is possible that Vigilante does not intend to offer his own design opinions. However, his deposition testimony was ambiguous and left open the possibility that he would offer such opinions.  Because he lacks relevant design background or experience, Vigilante is unqualified to criticize the design of the motorcycle at issue, or to propose alternative designs. For these reasons, Vigilante should be precluded from offering opinions or testimony relating to motorcycle design.

Respectfully submitted,

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY:    */s/ Keith D. Heinold*
KEITH D. HEINOLD
Attorney for Defendant
BMW of North America, LLC

2000 Market Street, Suite 2300
Philadelphia, PA  19103
215-575-2640 (P)
215-575-0856 (F)
kdheinold@mdwcg.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Motion in Limine of Defendant, BMW of North America, LLC, was served this date, via the Court's electronic filing system, to the following:

Patrick A. Hughes
de LUCA LEVINE, LLC
Three Valley Square
512 East Township Line Road
Suite 220
Blue Bell, PA  19422

                      **MARSHALL DENNEHEY WARNER**
                      **COLEMAN & GOGGIN**

     BY:     */s/ Keith D. Heinold*
                   KEITH D. HEINOLD
                   Attorney for Defendant
                   BMW of North America, LLC

                   2000 Market Street
                   Suite 2300
                   Philadelphia, PA  19103
                   215-575-2640 (P)
                   215-575-0856 (F)
                   kdheinold@mdwcg.com

**DATED:**  May 2, 2016