UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Parvez & Razia Yazdani**<br><br>    Plaintiffs<br>    v.<br><br>**BMW of North America, LLC**<br>**And BMW Motorrad USA, a Division of**<br>**BMW of North America, LLC**<br>    Defendant | Civil Action No:  2:15-cv-01427-PD |

### PLAINTIFFS' PRE-TRIAL MEMORANDUM

Plaintiffs, Parvez & Razia Yazdani, by and through their attorneys, DE LUCA LEVINE, LLC, herein file their Pre-Trial Memorandum pursuant to Local Rule of Civil Procedure 16.1(c), and the Court's order of September 30, 2015.

**I.  NATURE OF THE ACTION**

This subrogation action arises out of a fire that originated at a 2004 BMW R1150R motorcycle ("subject motorcycle") distributed by Defendant.  The fire resulted in substantial property damages.  Plaintiffs contend that the subject motorcycle is defective in both design and warning and initiated this action in the Philadelphia Court of Common Pleas to recover for the damages sustained in the February 25, 2013 fire.  Thereafter, Defendant removed this action to the United States District Court for the Eastern District of Pennsylvania on diversity grounds pursuant to 28 U.S.C. §1332 (a).

**II.  BRIEF STATEMENT OF THE FACTS**

In April 2011, Mr. Yazdani purchased the subject motorcycle in a private sale.  In order to maintain the integrity of the subject motorcycle during the winter, Mr. Yazdani would start it for seven to nine minutes and let it idle.  On the day of the fire, Mr. Yazdani left the motorcycle idling inside the garage for approximately thirty minutes.  Mr. Yazdani's home smoke alarms

activated and he went into the garage and saw flames coming from the motorcycle's engine. Mr. Yazdani tried to push the motorcycle out of the garage, but the motorcycle slipped on engine oil that had leaked from the motorcycle onto the garage floor. Eventually, the fire progressed from the motorcycle to the Yazdani home.

The subject motorcycle had an air cooled engine. Unlike a water-cooled engine, an air-cooled engine uses outside air and engine oil to transfer and dissipate heat generated from the engine while in operation. In addition to an air cooled engine, the subject motorcycle used a plastic oil sight glass located on the left side of the crank case. The purpose of the oil sight glass is to enable the rider to see the oil level in lieu of a dipstick. However, when the subject motorcycle idles in a stationary position the engine oil can overheat and melt the plastic oil sight glass (or its sealant), causing hot oil to leak onto the exhaust manifold – resulting in fire. This is how the fire occurred at the Yazdani residence.

Plaintiffs contend the subject motorcycle has a unique and atypical hazard because it combines an air cooled engine with an oil sight glass (instead of a dip stick) located on the engine's crank case that can fail when exposed to foreseeable temperatures of the engine oil. Plaintiffs further contend that the subject motorcycle should have been sold with a liquid cooled engine (instead of an air-cooled engine), or a dipstick (in lieu of the plastic oil sight glass), or with an optional police fan kit already sold as an accessory for the subject motorcycle by BMW. Each of the design alternatives proposed by Plaintiffs' experts are designs already employed by BMW in other models, or in the case of the police fan kit, sold as an after-market accessory.

In addition, Plaintiffs contend that since Defendant chose to eschew a design change to eliminate the hazard caused by the melting oil sight glass, then to render the product safe, it needed to have adequately warned the rider of the critical safety information about this severe

hazard. Here, in order to properly convey critical safety information – where the potential for harm is severe and where the common user is unlikely to know of the risk – Defendant needed to place a warning on the motorcycle in a location relevant to catch the user's attention at the moment critical to convey the information. Plaintiffs contend that Defendant's reliance on communicating the critical safety information about the risk of fire caused by idling the motorcycle in a stationary position was inadequate. Tellingly, although Mr. Yazdani consulted the Rider's Manual for specific information related to maintenance and operation aspects of his motorcycle, he was not aware that allowing the motorcycle to idle would result in a fire.

### III. PLAINTIFFS' DAMAGES

As a result of the fire, Plaintiffs sustained damages to their real and personal property as well as additional living expenses while Plaintiffs' home was repaired. Plaintiffs' total damages are $404,855.67, broken down as follows:

| Dwelling (Repair Cost) | $292,164.66 |
|---|---|
| Contents per estimate<br>RC $119,452.74<br>ACV $96,446.09 | $96,446.09 |
| ALE | $8,577.20 |
| Deductible on HO | $500.00 |
| Auto | $7,097.72 |
| Deductible on Auto | $100.00 |
| **TOTAL** | **$404,885.67** |

In Pennsylvania, the law distinguishes between *permanent* and *remediable* injuries to real property. Where the injury is *permanent*, the recovery is measured by the depreciation in value caused by the injury. Where the injury to the land is *remediable* (i.e., repairable), the cost of repair or restoration is the measure of damages. However, where the repair cost exceeds the value of the property before the injury, then the measure of damages is the fair market value of the property. *Matakitis v. Woodmansee*, 446 Pa.Super. 433, 667 A.2d 228 (1995); *see also*, *Lobozzo v. Adam*

*Eidemiller, Inc.*, 437 Pa. 360, 369 (1970); *see also Bogar v. Sperry Rand Corp.*, 504 F.Supp. 872 (E.D.Pa.1980), *aff''d* without opinion 671 F.2d 495 (3d Cir.1981); *Duquesne Light Co. v. Rippel*, 329 Pa.Super. 289, 478 A.2d 472 (1984); *Miller v. C.P. Centers, Inc.*, 334 Pa.Super. 623, 483 A.2d 912 (1984); *Wade v. S.J. Groves & Sons Co.*, 283 Pa.Super. 464, 424 A.2d 902 (1981); *Commonwealth, Dept. of Transp. v. Estate of Crea*, 92 Pa.Cmwlth. 242, 483 A.2d 996 (1977). Here, there is no dispute that the damage to Plaintiffs' home was repairable. Applying the well-established caselaw, Plaintiffs are entitled to the repair or remediation costs to restore their home to its pre-fire condition as long as the repairs costs don't exceed the fair market value of the property before the fire.

Under Pennsylvania law, the measure of damages for the total loss or destruction of personal property is its reasonable value at the time of the loss, considering its age, condition at that time, and any post-tort salvage value. *Noerr v. Lewistown Smelting & Refining, Inc.*, 60 Pa. D. & C.2d 406, 1973 WL 16571 (C.P. 1973); *Daughen v. Fox*, 372 Pa. Super. 405, 539 A.2d 858 (1988); *Denby v. North Side Carpet Cleaning Co.*, 257 Pa. Super. 73, 390 A.2d 252 (1978).

Under Pennsylvania law, when one's property is damaged, the injured party is entitled to compensation for all financial losses resulting from the destruction of its property. Additional or extraordinary expenses are an element of damages where the amount of such expenses can be determined with reasonable accuracy from the evidence. These additional and extraordinary expenses include the Browns' additional living expenses (e.g., temporary living costs, increased amount of monthly food costs and utility bills, municipal services at temporary rental property) and the cost to clean up the building after the fire. *Spiese v. Mutual Trust Co.,* 258 Pa. 414, 102 A. 119 (1917); *Donnan v. Pennsylvania Torpedo Company,* 25 Pa. Super. 324 (1904).

IV.   **PLAINTIFFS' FACT AND EXPERT WITNESSES**

   A.   Fact Witness:

1. **Parvez Yazdani**
   **1200 Windsor Road**
   **Mechanicsburg, PA**

   Mr. Yazdani will testify about the purchase, use, maintenance and operation of the motorcycle. Mr. Yazdani will testify about the facts and circumstances that occurred on the day of the fire and the damages sustained, including, but not limited to the damage to his real and personal property as well as all additional living expenses incurred while his home was restored to its post fire condition.

2. **Razia Yazdani**
   **1200 Windsor Road**
   **Mechanicsburg, PA**

   Mrs. Yazdani will testify about the facts and circumstances that occurred on the day of the fire and the damages sustained, including, but not limited to the damage to his real and personal property as well as all additional living expenses incurred while her home was restored to its post fire condition.

3. **Trevor B. Catanese**
   **1190 Windsor Road**
   **Mechanicsburg, PA**

   Mr. Catanese will testify about the facts and circumstances that occurred on the day of the fire and that the fire originated at the subject motorcycle.

4. **Benjamin I. Farrell**
   **1289 Harvard Avenue**
   **Mill Valley, CA  94941-3538**

   Mr. Farrell will testify about his ownership of the subject motorcycle and the sale of the motorcycle to Plaintiff Parvez Yazdani.

5. **Lt. Richard D. Flinn, III (or representatives of Hampden Township Fire Company)**
   **Hampden Township Fire Department**
   **295 South Sporting Hill Road**
   **Mechanicsburg, PA  17050**

   Lt. Flinn will testify about the public sector investigation into the cause of the subject fire.

6.  **Larry E. Miller or a representative of Allstate Ins. Co.**
    **Allstate Insurance Company**
    **1200 Atwater Drive, Suite 110**
    **Malvern, PA 19355**

    Mr. Miller will testify that as a result of the fire, the Yazdanis' house sustained significant fire, smoke and water damage.  Further, Mr. Miller will testify that the damages required emergency remediation services repairs to restore the Yazdanis' property to its pre-fire condition.  Mr. Miller will identify the areas of the Yazdanis' house that were damaged by fire, smoke and water, as well as, the method he used in order to determine the reasonable and necessary repairs in order to restore the Yazdanis' house to its pre-fire condition.

7.  **Yvette Sienkiewicz or a representative of Allstate Ins. Co.**
    **Allstate Insurance Company**
    **1200 Atwater Drive, Suite 110**
    **Malvern, PA 19355**

    Ms. Sienkiewicz will testify that as a result of the fire, the Yazdanis sustained significant fire, smoke and water damage to their contents / personal property, which required emergency remediation services, cleaning and/or replacement.  Ms. Sienkiewicz will identify the contents / personal property that were damaged by fire, smoke and water.  Ms. Sienkiewicz will also testify to the costs to replace and/or restore the Yazdanis' contents / personal property to its pre-fire condition.

8.  **Cheryl D. Carr or a representative of Allstate Ins. Co.**
    **Allstate Insurance Company**
    **1200 Atwater Drive, Suite 110**
    **Malvern, PA 19355**

    Ms. Carr will testify that as a result of the fire, the Yazdanis needed temporary housing and additional expenses while their house was restored to its pre-fire condition.  Ms. Carr will testify about the cost to for temporary housing of the same, kind and quality during the reconstruction period.  Ms. Carr will also testify about the additional expenses the Yazdanis incurred during the reconstruction of their house.

9.  **Ryan Cale or a representative of Allstate Ins. Co.**
    **Allstate Property & Casualty Insurance**
    **6345 Flank Drive, Suite 1000**
    **Harrisburg, PA  17112**

    Mr. Cale will testify about the cost / value of the subject motorcycle prior to the fire.

10.     **Mark Yeldham**
    **BMW of North America, LLC**

    Mr. Yeldham will testify about the distribution, sale use and operation of the subject motorcycle, the Rider's Manual and warnings contained therein for the subject motorcycle, his investigation into and prior incidents of fires involving BMW motorcycle caused when the motorcycle was left idling in a stationary position, the known failure modes when the motorcycle is left idling in a stationary position, on-product labels, the recall of the R11000RSL and Defendant's campaign to place labels on motorcycles warning not to allow the motorcycle to idle while in a stationary position.

11.     **Martin Leung**
    **BMW of North America LLC**
    **c/o Keith Heinold, Esquire**

    Mr. Leung will talk about testing he observed performed on an exemplar R1150 R BMW motorcycle.

12.     **Custodian of Records, Velocity Cycles**
    **6653 Carlisle Pike**
    **Mechanicsburg, PA  17050**

    Will talk about repairs and service performed on the subject motorcycle and the documents related to same.

13.     **Custodian of Records, Bob's BMW**
    **10720 Guilford Road**
    **Jessup, MD  20794-9385**

    Will talk about repairs and service performed on the subject motorcycle and the documents related to same.

14.     **Custodian of Records, RestoreCore, Inc.**
    **2322 North 7th Street**
    **Harrisburg, PA  17110**

    Will talk about damages and repairs to the Plaintiffs' home and personal property and documents related to same.

15. **Custodian of Records, Mellon Certified Restoration – Harrisburg**
    **5005 Devonshire Road**
    **Harrisburg, PA  17109**

    Will talk about damages and repairs to the Plaintiffs' home and personal property and documents related to same.

16. **Custodian of Records, Pale, Inc. dba CRDN of South Central PA**
    **418 Market Street, Rear**
    **Lemoyne, PA  17043**

    Will talk about damages and repairs to the Plaintiffs' home and personal property and documents related to same.

    B.    **Expert Witnesses:**

    1. **Liability**

    **Bradley A. Schriver, C.F.E.I.**
    Schriver Fire and Explosion Investigations, LLC
    312 Frederick Drive
    Dallastown, PA  17313

    **Plaintiffs anticipate calling Mr. Shriver to testify consistently with his report that the fire originated at the subject motorcycle.  A copy of Mr. Shriver's *curriculum vitae* is attached hereto as Exhibit A.**

    **Michael Zazula**
    Investigative Engineering, Inc.
    1993 Moreland Parkway - Unit #10
    Annapolis, MD  21401

    **Plaintiffs anticipate calling Mr. Zazula to testify consistently with his report and deposition testimony that the oil sight glass or the sealant around it failed when exposed to foreseeable engine temperatures causing engine oil to leak onto the motorcycle's exhaust system and ignite.  Mr. Zazula proposes that the subject motorcycle should have been sold with a liquid cooled engine (instead of an air-cooled engine), or a dipstick (in lieu of the plastic oil sight glass), or with an optional police fan kit already sold as an accessory for the subject motorcycle by BMW.  A copy of Mr. Zazula's *curriculum vitae* is attached hereto as Exhibit B.**

**William J. Vigilante, Jr., PhD, CPE**
Vigilante Forensic
200 Pembrooke Circle
Phoenixville, PA  19460

**Plaintiffs anticipate calling Dr. Vigilante to testify consistently with his report and deposition testimony that the warnings associated with the subject motorcycle were inadequate.  A copy of Dr. Vigilante's** *curriculum vitae* **is attached hereto as Exhibit C.**

2. <u>**Damages**</u>

Larry E. Miller or a representative of Allstate Ins. Co.
**Allstate Insurance Company**
1201 Atwater Drive, Suite 110
Malvern, PA 19355

**Plaintiffs anticipate calling Mr. Miller to testify consistently with his estimates, invoices and other claims material and deposition testimony about the damage caused by the fire to the Plaintiffs' home and the repairs to restore the Plaintiffs' home to its pre-fire condition.**

Yvette Sienkiewicz or a representative of Allstate Ins. Co.
**Allstate Insurance Company**
1200 Atwater Drive, Suite 110
Malvern, PA 19355

**Plaintiffs anticipate calling Ms. Sienkiewicz to testify consistently with her estimates, invoices and other claims material about the damage caused by the fire to the Plaintiffs' personal property / contents.**

Cheryl D. Carr or a representative of Allstate Ins. Co.
**Allstate Insurance Company**
1200 Atwater Drive, Suite 110
Malvern, PA 19355

**Plaintiffs anticipate calling Ms. Carr to testify consistently with her estimates, invoices and other claims material about the additional expenses incurred by Plaintiffs while Plaintiffs' home was being repaired.**

Ryan Cale or a representative of Allstate Ins. Co.
**Allstate Property & Casualty Insurance**
6345 Flank Drive, Suite 1000
Harrisburg, PA  17112

**Plaintiffs anticipate calling Mr. Cale to testify consistently with his estimates, invoices and other claims material about the value of the motorcycle at the time of the fire.**

V.     PLAINTIFFS' EXHIBIT LIST

Plaintiffs' Amended Exhibit List is attached hereto as Exhibit D.

VI.     LENGTH OF TRIAL

Plaintiffs expect the trial to last 4-6 days; however, this depends on whether the parties can stipulate to certain facts and damages in this case.

VII.     ANTICIPATED LEGAL ISSUES

There are several motions currently pending before this Court.

Defendant has filed a motion for summary judgement and eight motions *in limine*. Plaintiffs incorporate by reference their responses in opposition and supporting memorandum law addressing Defendants' motions.

Plaintiffs filed the following four motions *in limine*, which are currently pending before this Court. One of these motions challenge the testimony of Defendant's expert witness, and will be addressed in the Section VIII below:

(1) Plaintiffs' Motion *in Limine* to Preclude any Reference to, or Mention of, Insurance or "Allstate" at Trial.  Defendant should be precluded from mentioning insurance and/or Allstate at trial because of the prejudicial effect it will have on the jury.  This evidence is not relevant and prejudicial.  *F.R.E. 401 and 403.*

(2) Plaintiffs' Motion *in Limine* to Preclude Evidence of and/or Related to "Depreciation" and/or "Actual Cash Value" at Trial.  Evidence of "depreciation" and "actual cash value" are terms unrelated to the proper measure of damages for injury to real property that is reparable.  See generally, *Vassell, et al. v. Travis*, 2007 U.S. Dist. LEXIS 64939; *Pennsylvania Dep't of Gen.*

*Servs. U.S. Mineral Prods. Co.*, 898 A.2d 590, 595 (Pa. 2006), *citing Lobozzo v. Adam Eidemiller, Inc.*, 263 A.2d 432, 437 (Pa. 1970).

(3) Plaintiffs' Motion *in Limine* to Preclude Defendant from Offering Evidence or Testimony on Subject Motorcycle's Compliance with Government and/or Industry Standards. Evidence that the subject motorcycle complied with certain aspects of the FMVSS and other industry standards is inadmissible. *Cancelleri v. Ford Motor Co.*, No. 267 MDA 2015, 2016 WL 82449, at *3 (Pa. Super. Ct. Jan. 7, 2016).

VIII. **OBJECTIONS TO DEFENDANT'S WITNESSES AND EXHIBITS**

**Witnesses**

(1) **Kevin C. Breen**. Mr. Breen's testimony is the subject of a Motion *in Limine*, which is incorporated herein by reference. Breen is not qualified to opine on the industry standard regarding the subject motorcycle's fire hazard and failed to use a reliable methodology to determine the manual was adequate, an on-product warning was unnecessary and an inadequate warning did not cause the subject fire.

Plaintiffs reserve the right to raise further objections to witnesses identified by Defendant prior to or during trial.

**Exhibits**

**D-9 to D-11** - *Report of Kevin Breen, CV and Materials reference in Kevin Breen's Report and Deposition.* Plaintiffs filed a motion *in limine* to preclude Mr. Breen's opinions and incorporates that motion herein by reference. Plaintiffs object to the extent Defendant has not identified which portions of the materials referenced in Mr. Breen's report it intends to rely upon. The presentation of all the publications in their entirety would be cumulative and risk misleading

the jury or confusing the issues. Even if Mr. Breen is permitted to testify, his report and his references cannot be submitted to the jury for review during deliberations.

**D-15A-I - Photos of comparison motorcycles re: on-product labels.** Plaintiffs object to these photographs to the extent Defendant is attempting to compare the subject motorcycle with other motorcycles brands that may not utilize a plastic oil sight glass like the subject motorcycle. Plaintiffs contend, among other things, that Defendant's use of a plastic oil level sight glass requires it to provide users with an on product warning to properly communicate information about the hazardous condition of allowing the motorcycle to idle in a stationary position. Comparison of on product warnings, or the lack thereof, on motorcycles that do not use the same plastic oil level sight glass and therefore do not have the same risk is misleading to the jury and will confuse the issues.

**D-16 – Chart of comparison motorcycles re: on-product labels.** Defendant presumably inadvertently failed to provide Plaintiffs with a copy of Exhibit D-16. Plaintiffs reserve their right to object to the admission of this exhibit at trial.

Plaintiffs reserve the right to raise further objections to exhibits identified by Defendant prior to or during trial.

                Respectfully submitted,

                de LUCA LEVINE, LLC

          BY: *Patrick A. Hughes*
                RAYMOND E. MACK, ESQUIRE
                I.D. No.: 91815
                rmack@delucalevine.com
                PATRICK A. HUGHES, ESQUIRE
                I.D. No. 91415
                phughes@delucalevine.com
                Three Valley Square, Suite 220
                Blue Bell, PA 19422
                215-383-0227 (Direct)/ 215-383-0082 (Fax)
                Attorneys for Plaintiffs

Dated: May 16, 2016

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Parvez & Razia Yazdani**<br>        Plaintiffs(s)<br>v.<br><br>**BMW of North America, LLC**<br>**And BMW Motorrad USA, a Division of**<br>**BMW of North America, LLC**<br>        Defendant(s) | Civil Action No: 2:15-cv-01427-PD |

## CERTIFICATE OF SERVICE

I, PATRICK A. HUGHES, hereby certify that a true and correct copy of Plaintiffs' Pre-Trial Memorandum was served on May 16, 2016, upon counsel listed below by ECF/PACER:

Keith D. Heinold, Esquire
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103

de LUCA LEVINE, LLC

BY: *Patrick A. Hughes*

RAYMOND E. MACK, ESQUIRE
I.D. No.: 91815
rmack@delucalevine.com
PATRICK A. HUGHES, ESQUIRE
I.D. No. 91415
phughes@delucalevine.com
Three Valley Square
512 East Township Line Rd, Ste. 220
Blue Bell, PA  19422
215-383-0227 (Direct)
215-383-0082 (Fax)
Attorneys for Plaintiffs